## Case No. 6,944.

### HUS v. KEMPF.

[10 Ben. 364.] [1]

District Court, S. D. New York. March, 1879.

FREIGHT—INTEREST—BILLS ON LONDON.

On a bill of lading stipulating that the freight shall be paid in New York, "at the current rate of exchange for banker's sight bills on London," the amount of the freight being expressed in English money, the amount payable is not to be calculated in gold, but in currency at the current rate for bills on London; and to this is to be added interest at the New York rate from the time when the freight is payable.

[This was a libel by Jacob Hus against Oscar Kempf for freight, according to a bill of lading, on 97 casks of wine. See Case No. 6,943.]

Butler, Stillman & Hubbard, for libellant.
C. B. Ripley, for respondent.

CHOATE, District Judge. In this case, which was a suit to recover freight, under a bill of lading, both parties have excepted to the report of the commissioner; the libellant, on the ground that interest on the freight due has been computed only at the rate of six per cent, instead of seven, and from the commencement of the suit, instead of the time when the freight became payable; and the respondent, on the ground that the commissioner has allowed the premium on gold, in computing the amount of freight due, whereas it is claimed that the gold value only should be given.

The libellant's exceptions are clearly well taken. The debt was payable in New York,

at a time fixed by the contract, and it bears interest at the New York rate of seven per cent from that day.

The bill of lading stipulated that freight should be paid "at the current rate of exchange, for banker's sight bills on London, at the date of the steamer's report at the custom house." The freight reserved by the bill of lading is expressed in English money, 30 shillings per ton. It is not, however, stipulated that it shall be paid in gold. Upon the terms of the bill of lading itself there seems to be nothing to restrict the "current rate" of bills on London to a gold rate. The very language used shows that the freight was not to be paid in English money, pounds, shillings, and pence, but in our money. The case differs, therefore, from Forbes v. Murray [Case No. 4,928], and Baker v. Ward [Id. 785]. Being payable in New York, in the current money of the country, the amount to be paid is such sum as would be sufficient to buy the bills on London designated. And see The Vaughan and Telegraph, 14 Wall. [81 U. S.] 258. But whether this is so or not, evidence has been introduced which clearly shows that such was the customary mode of discharging such freight bills, under similar bills of lading, in this trade. The testimony relied upon by respondent as showing a different understanding between these parties— the making up of a statement in gold values some time after the freight became due, and when gold had fallen—does not sustain the respondent's claim, because the making up of this statement was made in the course of an attempt to compromise the differences between these parties, and at the utmost showed a willingness to waive a portion of the claim. Libellant's exceptions sustained. Respondent's exceptions overruled, with costs of the reference to libellant.